USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 5 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Robert Fuentes,

          Plaintiff,

–v–

B. Furco and Dana Gage,

          Defendants.

---

13-CV-6846

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Defendants' motion to dismiss Plaintiff's Complaint on the grounds that (1) Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA") and (2) Plaintiff has failed to state a claim upon which relief can be granted. For the reasons stated herein, the motion is GRANTED and the claims are dismissed without prejudice on the limited ground of exhaustion.

I.    BACKGROUND

    Plaintiff is a 65-year-old inmate in the custody of the New York State Department of Corrections and Community Supervision at Sing Sing Correctional Facility ("Sing Sing"). Compl. at 2. He alleges a violation of his constitutional rights stemming from the alleged deliberate indifference to his medical needs on the part of Sing Sing medical personnel.

    On June 11, 2013, Plaintiff filed a complaint pursuant to the Inmate Grievance Program. Hale Decl. ¶ 8, Ex. B. The grievance was denied and Plaintiff appealed to the Superintendent, who appears to have denied the grievance on July 29, 2013. Dkt. No. 2 at 18; Hale Decl. ¶ 8, Ex. B. Plaintiff then appealed the Superintendent's denial on or about August 1, 2013, and the appeal was received by the clerk of the Central Office Review Committee on or about August 20, 2013. Hale Decl. ¶ 9, Ex. C. Plaintiff appears to have prepared and possibly mailed his

1

Complaint to this Court on or about September 17, 2013. Dkt. No. 2 at 5. The pro se office of this Court received Plaintiff's Complaint on September 23, 2013, and the Complaint was filed with this Court on the same day. Dkt. No. 2 at 1.

## II.   LEGAL STANDARD

Where a defendant asserts nonexhaustion of administrative remedies as a defense, a court must consider whether the motion should be decided via a Rule 12(b)(6) motion for failure to state a claim or a Rule 56 motion for summary judgment. "If nonexhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted." *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003) (Chin, J.). On the other hand, "[i]f nonexhaustion is not clear from the face of the complaint, a defendant's motion to dismiss should be converted, pursuant to Rule 56[ ], to one for summary judgment limited to the narrow issue of exhaustion and the relatively straightforward questions about the plaintiff's efforts to exhaust, whether remedies were available, or whether exhaustion might be, in very limited circumstances, excused." *Id.* (citing *Torrence v. Pesanti*, 239 F. Supp. 2d 230, 233-34 (D. Conn. 2003)). Read together, Rules 12 and 56 suggest that "if a district court considers matters outside of the pleadings, it must then convert a motion under Rule 12(b)(6) to one for summary judgment and ensure that the opposing party is given proper notice of the conversion." *Id.* (citing *Villante v. Dep't of Corr. of City of N.Y.*, 786 F.2d 516, 521 (2d Cir. 1986)).

Here, conversion of Defendant's motion to dismiss to one for summary judgment is proper because both parties submitted and referenced documents outside of the pleadings relating to the very narrow issue of exhaustion. *See, e.g., Bennett v. Wesley*, No. 11 Civ. 8715 (JMF), 2013 U.S. Dist. LEXIS 61133, at *7 (S.D.N.Y. Apr. 29, 2013). Moreover, pursuant to Local Rule 12.1, Defendants provided Plaintiff with notice, Dkt. No. 19, that the Court might treat

2

Defendants' motion to dismiss pursuant to Rule 12(b)(6) as a motion for summary judgment. *See, e.g., id.* (citing *Hernandez v. Coffey*, 582 F.3d 303, 308 n.2 (2d Cir. 2009) (citing cases finding that a Local Rule 12.1 Notice provides sufficient notice to *pro se* parties)).

Summary judgment shall be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, a court views all evidence in the light most favorable to the non-movant, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

### III. DISCUSSION

The PLRA contains an exhaustion of remedies requirement, which provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) "*requires* exhaustion of available administrative remedies *before* inmate-plaintiffs may bring their federal claims to court at *all*." *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (citation omitted, emphasis in original), *overruled on other grounds, Porter v. Nussle*, 534 U.S. 516, 523 (2002). Failure to exhaust administrative remedies prior to filing suit in federal court is an absolute bar to this court's adjudication of Plaintiff's claims—"Subsequent exhaustion after suit is filed [ ] is insufficient." *Neal*, 267 F.3d at 122.

The Court must therefore determine whether Plaintiff exhausted his administrative remedies before bringing this suit, which requires examining the administrative remedies created

by the relevant institution. *Jones v. Bock*, 549 U.S. 199, 218 (2d Cir. 2007). Here, those remedies are set forth in Title 7 of New York's Codes, Rules and Regulations (N.Y.C.R.R.), which creates a three-step internal complaint process known as the Inmate Grievance Program ("IGP"). *Torres v. Carry*, 672 F. Supp. 2d 338, 343 (S.D.N.Y. 2009); *see also Garcia v. Heath*, No. 12 Cv. 4695, 2013 U.S. Dist. LEXIS 90480, at *10-11 (S.D.N.Y. June 25, 2013). First, the inmate must file a complaint within 21 days of an alleged occurrence to the Inmate Grievance Review Committee ("IGRC"). 7 N.Y.C.R.R. § 701.5(a). The IGRC then reviews the grievance and makes a formal or informal determination. § 701.5(b). If the inmate wants to appeal the IGRC's determination, he must appeal to the superintended by submitting an appeal form to the grievance clerk within seven calendar days after receipt of the IGRC's written response. § 701.5(c). Finally, the third step in the process is an appeal to the Central Office Review Committee ("CORC"), which must be made within seven days after receipt of the superintendent's written response. § 701.5(d). "The CORC shall review each appeal, render a decision on the grievance, and transmit its decision . . . within thirty (30) calendar days from the time the appeal was received." § 701.5(d)(3)(ii). Section 701.5 does not indicate what happens when the CORC fails to render a decision within 30 days of receiving a grievant's appeal.

Documents supplied by both Plaintiff and Defendants indicate that Plaintiff timely completed the first two steps of the administrative review process and timely filed an appeal to the CORC, but that the CORC had not rendered a decision on his appeal at the time that Plaintiff filed his Complaint with this Court. *See* Hale Decl. at 2; Ex. B and C (Dkt. No. 18). As far as this Court is aware, the CORC still has not rendered a decision regarding Plaintiff's appeal, which was submitted to the CORC on or about August 1, 2013 and received by the CORC on or about August 20, 2013. Hale Decl. Ex. C (Dkt. No. 18 at 11). Plaintiff filed his Complaint commencing this lawsuit on September 23, 2013, Compl. at 1, which is 34 calendar days after the CORC received his appeal.

Thus, it is apparent that Plaintiff brought suit more than 30 calendar days after the CORC received his appeal, but before the CORC issued a response. What this means for Plaintiff's

exhaustion of remedies is unclear, however, due to the IGP's silence as to the effect of the CORC's failure to issue a response within 30 days. This silence has created problems for federal courts applying the PLRA. *See, e.g., Couvertier v. Jackson*, No. 9:12-CV-1282 (GLS/DEP), 2014 U.S. Dist. LEXIS 85873, at *12 (N.D.N.Y. May 22, 2014) (noting "[t]he IGP provides no mechanism for enforcing the requirement that the CORC issue a decision in thirty days"); *see also Peoples v. Fischer*, No. 11 Civ. 2694 (SAS), 2012 U.S. Dist. LEXIS 62428, at *15-20, n.125 (S.D.N.Y. May 3, 2012) (analyzing the effect of the CORC's failure to timely respond to an appeal). And there is no clear answer as to how a court should proceed under the PLRA when it appears that an inmate plaintiff has followed all the requirements of his institution's administrative procedures, but the final review panel is delinquent in its response to his appeal. On the one hand, an inmate plaintiff should not be penalized for his institution's failure to follow its own administrative procedures. *Peoples*, 2012 U.S. Dist. LEXIS 62428, at 33 n.125. On the other hand, in light of the PLRA's purpose, a court should hesitate to decide the underlying action before according the CORC the first opportunity to do so.

The Second Circuit has not addressed this issue, but district courts in the Circuit have fashioned solutions that attempt to balance the PLRA's goal of allowing institutions the first opportunity to address an inmate's grievances against the inmate's right to a federal forum when he has complied with all of the procedural formalities expected of him. In such circumstances, it appears that Courts tend to hold that a CORC response is required for exhaustion to be satisfied, but that a motion to dismiss or for summary judgment should be granted without prejudice to allow the inmate plaintiff to refile his complaint once the CORC responds to his appeal. *See, e.g., Rambert v. Mulkins*, No. 11 Civ. 7421 (KPF), 2014 U.S. Dist. LEXIS 74091, at *46-48 (S.D.N.Y. May 30, 2014); *Bennett*, 2013 U.S. Dist. LEXIS 61133, at *17-18 (S.D.N.Y. Apr. 29, 2013); *Torres*, 672 F. Supp. 2d at 345-46; *McCoy*, 255 F. Supp. 2d at 245-251.[1]

---

[1] In a thorough and well-reasoned opinion, then-district Judge Chin analyzed the procedural peculiarity that necessitates a grant of summary judgment without prejudice in the context of a failure to exhaust administrative remedies under the PLRA when the failure to exhaust is not apparent from the face of the complaint. *McCoy*, 255 F. Supp. 2d at 245-251. The Court agrees with his analysis.

The Court follows that approach here and GRANTS the motion for summary judgment and dismisses the claims without prejudice. Summary judgment is based on the very narrow issue of exhaustion of administrative remedies. This approach is consistent with the principle that "failure to exhaust administrative remedies is usually a 'curable, procedural flaw' that can be fixed by exhausting those remedies and then reinstituting the suit." *Neal*, 267 F.3d at 123 (quoting *Snider v. Melindez*, 199 F.3d 108, 111-12 (2d Cir. 1999)). The Court further holds that if no CORC decision is rendered within 30 days from the date of this Order, Plaintiff may re-file his complaint with this Court, which will re-open the case and, upon reopening, will "deem administrative remedies to be unavailable such that [Plaintiff] may proceed with his claim." *Torres*, 672 F. Supp. 2d at 345-46.

Because the Court is granting the motion based on failure to exhaust administrative remedies, it need not consider Defendants' alternative arguments that Plaintiff failed to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is GRANTED and the claims are dismissed without prejudice. In light of the Court's resolution of the motion to dismiss, Plaintiff's application for pro bono counsel is DENIED as moot. This resolves Dkt. Nos. 16 and 23. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 25, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge